**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:11-cv-02261-JDB |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | **DEFENDANT'S ANSWER** |
| Defendant. | ) ) | |

Defendant United States Department of Homeland Security, through undersigned counsel, hereby answers Plaintiff Electronic Privacy Information Center's Complaint for Injunctive Relief (Dkt. No.1) as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of the nature of this action and its claims, to which no answer is required. To the extent a response is deemed required, Defendant denies the allegations contained in the paragraph.

**JURISDICTION AND VENUE**

2. Paragraph 2 contains conclusions of law to which no answer is required. To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph.

**PARTIES**

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint.

. 4. Paragraph 4 is admitted.

**FACTUAL ALLEGATIONS**

5. Paragraph 5 is denied, except to admit that on February 1, 2011, DHS published in the Federal Register the Department's "Publicly Available Social Media Monitoring and Situational Awareness Initiative System of Records," 76 Fed. Reg. 5603-06 (Feb. 1, 2011) (hereinafter "February 1 document").

6. Paragraph 6 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

7. Paragraph 7 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

8. Paragraph 8 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

9. Paragraph 9 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

10. Paragraph 10 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

11. Paragraph 11 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

12. Paragraph 12 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

16. Paragraph 16 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

17. Paragraph 17 is denied, but the Court is respectfully referred to the February 1 document for a complete and accurate statement of its contents.

18. Paragraph 18 is admitted, but the Court is respectfully referred to the Department of Homeland Security, Privacy Impact Assessment for the Office of Operations Coordination and Planning Publicly Available Social Media Monitoring and Situational Awareness Initiative, 8, Jan. 6, 2011 for a complete and accurate statement of its contents. See http://www.dhs.gov/xlibrary/assets/privacy/privacy_pia_ops_publiclyavailablesocialmedia_update.pdf

19. Paragraph 19 is admitted, but the Court is respectfully referred to the Department of Homeland Security, Privacy Impact Assessment for the Office of Operations Coordination and Planning Publicly Available Social Media Monitoring and Situational Awareness Initiative, 10, June 22, 2010 for a complete and accurate statement of its contents. See http://www.dhs.gov/xlibrary/assets/privacy/privacy_pia_ops_publiclyavailablesocialmedia.pdf

20. Defendant admits that Plaintiff submitted a FOIA request, but the Court is respectfully referred to the request for a complete and accurate statement of its contents.

21. Paragraph 21 is admitted only to the extent that Plaintiff asked DHS to expedite its response, but the remaining allegations contained in this paragraph are denied.

22. Paragraph 22 is admitted only to the extent that Plaintiff requested "News Media" fee status, but the remaining allegations contained in this paragraph are denied.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted.

27. Paragraph 27 is denied to the extent that it avers that Defendant has not produced any documents in response to Plaintiff's FOIA request. On January 10, 2012, the Department of Homeland Security (DHS) released to Conor Kennedy with EPIC several hundred pages of responsive documents.

28. Paragraph 28 is admitted.

29. Paragraph 29 is admitted.

30. Paragraph 30 is admitted, but Defendant respectfully refers the Court to the certified mail receipt for a complete and accurate representation of its contents.

31. Paragraph 31 is denied to the extent that it avers that Defendant has not responded to Plaintiff's FOIA request. On January 10, 2012 the Department had completed review of 341 pages of which 175 were released in full, 110 were partially redacted and released, and 56 pages were withheld in their entirety pursuant to various FOIA exemptions.

32. Paragraph 28 is denied,

33. Paragraph 33 is denied to the extent that it avers that Defendant has not responded to Plaintiff's FOIA request. On January 10, 2012 the Department had completed review of 341

pages of which 175 were released in full, 110 were partially redacted and released, and 56 pages were withheld in their entirety pursuant to various FOIA exemptions.

## CAUSE OF ACTION

34. Paragraph 34 does not require a response.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

39. Paragraph 39 does not require a response.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

41. Paragraph 41 is denied.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 does not require a response.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

47. Paragraph 47 is denied.

48. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 is admitted.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, the allegations contained in this paragraph are denied.

## REQUESTED RELIEF

The balance of the Complaint constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Additionally, Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied herein.

**THEREFORE,** having fully answered, Defendant asserts that Plaintiff is not entitled to the relief requested, or to any other relief whatsoever, and requests that this action be dismissed in its entirety with prejudice and that Defendant be given such other relief as this Court deems proper, including costs and disbursements.

Dated: February 17, 2012

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General
        Civil Division

        JOHN R. TYLER
        Assistant Branch Director
        Federal Programs Branch

        _____
        KENNETH E. SEALLS (D.C. Bar #400633)
        JEAN-MICHEL VOLTAIRE (NY Bar)
        Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: 202-305-1953
Fax: 202-616-8460

Attorneys for Defendant