## LAFFEY MATRIX -- 2003-2013
### (2009-10 rates were unchanged from 2008-09 rates)

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 | 475 | 495 | 505 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 | 420 | 435 | 445 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 | 335 | 350 | 355 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 | 275 | 285 | 290 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 | 230 | 240 | 245 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 | 135 | 140 | 145 |

*Explanatory Notes:*

1.      This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia.  The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees.  *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act).  The matrix does **not** apply in cases in which the hourly rate is limited by statute.  *See* 28 U.S.C. § 2412(d).

2.      This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985).  It is commonly referred to by attorneys and federal judges in the District of Columbia as the "*Laffey* Matrix" or the "United States Attorney's Office Matrix."  The column headed "Experience" refers to the years following the attorney's graduation from law school.  The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more).  *See Laffey*, 572 F. Supp. at 371.

3.      The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82.  The Matrix begins with those rates.  *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate).  The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5).  The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant.  Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4.      Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc).  The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area.  *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996).  Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable.  *See, e.g.*, *Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).