|         |                                                              |
|---------|--------------------------------------------------------------|
| **From:**    | Ginger McCall <mccall@epic.org>                         |
| **Subject:** | Fees in EPIC v. DHS 11-02261                            |
| **Date:**    | March 26, 2013 1:41:35 PM EDT                           |
| **To:**      | "Jean Michel (CIV) Voltaire" <jean.michel.voltaire@usdoj.gov> |
| **Cc:**      | Marc Rotenberg <rotenberg@epic.org>                     |

3 Attachments, 609 KB

Dear Jean-Michael,

Pursuant to the Judge Bates' recent opinion in EPIC v. DHS, No, 11-2261, we are writing to you regarding attorney's fees and costs. The relevant section of the opinion states as follows:

> II. Attorney's Fees and Costs
>
> EPIC asks for attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E), claiming that it has "substantially prevailed" in this lawsuit, irrespective of the Court's decision on the motions for summary judgment. See Pl.'s Cross Mot. 14-15. DHS contends that EPIC's request for fees and costs is premature and that the parties should first be given an opportunity to negotiate and resolve fee issues on their own. See Def.'s Reply & Opp'n 8-9. The Court agrees, and will enter an order directing the parties to confer and attempt to reach an agreement on fee issues. See Local Civ. R. 54.2(a). Although the Court is not deciding the issue at this time, it notes, in the hope of guiding the parties' discussions, that EPIC will be entitled to some amount of fees and costs, given the agency's release of responsive documents, the Vaughn index revisions, and the Court's resolution of the instant motions.

We have completed the accounting and will request $28,208 in this matter. The opinion and records in support are attached.

Please let us know if your client will agree to this amount. We would like to notify the court before the end of the week.

Sincerely,

Marc Rotenberg and Ginger McCall


Ginger McCall
Director, Open Government Project
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202)-483-1140 x 102
mccall@epic.org
@gingermccall


EPIC-v-DHS....pdf (52 KB)

EPIC-v-DHS....pdf (86 KB)

11-02261.pdf (471 KB)

|  |  |
|---|---|
| From: | Ginger McCall <mccall@epic.org> |
| Subject: | Fees in EPIC v. DHS 11-02261 (RESEND) |
| Date: | April 1, 2013 10:13:32 AM EDT |
| To: | "Jean Michel (CIV) Voltaire" <jean.michel.voltaire@usdoj.gov> |
| Cc: | Marc Rotenberg <rotenberg@epic.org> |

3 Attachments, 609 KB

> Dear Jean-Michael,
>
> Pursuant to the Judge Bates' recent opinion in EPIC v. DHS, No, 11-2261, we are writing to you regarding attorney's fees and costs. The relevant section of the opinion states as follows:
>
>> II. Attorney's Fees and Costs
>>
>> EPIC asks for attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E), claiming that it has "substantially prevailed" in this lawsuit, irrespective of the Court's decision on the motions for summary judgment. See Pl.'s Cross Mot. 14-15. DHS contends that EPIC's request for fees and costs is premature and that the parties should first be given an opportunity to negotiate and resolve fee issues on their own. See Def.'s Reply & Opp'n 8-9. The Court agrees, and will enter an order directing the parties to confer and attempt to reach an agreement on fee issues. See Local Civ. R. 54.2(a). Although the Court is not deciding the issue at this time, it notes, in the hope of guiding the parties' discussions, that EPIC will be entitled to some amount of fees and costs, given the agency's release of responsive documents, the Vaughn index revisions, and the Court's resolution of the instant motions.
>
> We have completed the accounting and will request $28,208 in this matter. The opinion and records in support are attached.
>
> Please let us know if your client will agree to this amount. We would like to notify the court before the end of the week.
>
> Sincerely,
>
> Marc Rotenberg and Ginger McCall

Ginger McCall
Director, Open Government Project
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202)-483-1140 x 102
mccall@epic.org

@gingermccall



[EPIC-v-DHS....pdf (52 KB)](#)

[EPIC-v-DHS....pdf (86 KB)](#)

[11-02261.pdf (471 KB)](#)



U.S. Department of Justice

Civil Division

Washington, DC 20530

April 9, 2013

**Via Email: mccall@epic.org**
Ginger McCall, Esq.
Marc Rotenberg, Esq.
John Verdi, Esq.
Electronic Privacy Information Center (EPIC)
1718 Connecticut Ave NW
Suite 200
Washington, DC 20009

                        Re:  **EPIC v. DHS**
                        **Civil Action #: 11-cv-02261 (JDB)**

Dear Ms. McCall:

     This letter is in response to EPIC's March 26th Email requesting $28,208 in attorney fees. The amount of fees requested is excessive and wholly unsupported, particularly given that the only issue decided in EPIC's favor involved the segregability of boilerplate contract language. To resolve this issue without further litigation, however, DHS is prepared to offer $8,000 in attorney fees for EPIC's limited success. This offer is subject to final approval by the defendant agency and the Department of Justice.

     EPIC is not entitled to attorney fees for "time expended on issues on which [it] did not ultimately prevail." National Ass'n of Concerned Vets. v. Department of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982). EPIC seeks recompense for all hours spent on the summary judgement briefing even though it prevailed only on the issue of segregability with respect to six documents out of several hundred documents processed. It also requested fees for its opposition to our request for an extension of time even though it lost on this motion. The vast majority of the agency's withholdings were found to be reasonable, and the Court further denied EPIC's request for attorney fees as premature. Despite having lost on all of these issues, EPIC did not eliminate hours spent on its unsuccessful claims. Work on the unsuccessful claims cannot be deemed to have been expended in pursuit of the ultimate result achieved. Sierra Club v. EPA, 769 F.2d 796, 801 (D.C. Cir. 1985), citing Hensley v. Eckerhart, 461 U.S. 434-35 (1983). "[A] plaintiff who achieved only "limited success" is not entitled to a full attorney's fee. Rather, "[w]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. The single "most critical factor" is the "degree of success obtained." Id.

In addition, EPIC's billing records are rife with inconsistencies and inaccuracies that call into question the contemporaneousness of its records. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." National Ass'n of Concerned Vets, 675 F.2d at 1327. The billing records indicate that EPIC did not keep a careful and contemporaneous records of the time spent in this case. The time charges tend to be rough estimates. For example, EPIC counsel claims to have spent 3.7 hours on March 23, 2012, purportedly drafting, discussing, and reviewing scheduling proposal, even though the joint status report about the briefing schedule was filed two days earlier, on March 21, 2012. EPIC also claims to have spent 1.75 hours reviewing, discussing, holding conference, and editing its opposition to our motion for extension of time, but its billing records contain no time entry for actually drafting the 6-page opposition with multiple case citations and legal analysis. EPIC further claims to have spent 2.3 hours in preparation of filing documents with its complaint, even though there was no attachment to the complaint. These inaccuracies and omissions raise serious questions about the reliability of EPIC's bill in general. "Casual after-the-fact estimates of time expended" are "insufficient" and are not allowed. Id.

Numerous entries in EPIC's billing records are also too vague to enable the Court or government counsel to assess their reasonableness. Billing entries such as "file," "conference," "research," "edit," "draft," "review," and "attempt to contact opposing counsel" are insufficient. No justification is given about the activities for which recompense is sought. It is well established that a fee application must contain sufficient detail to enable a reviewing court to identify distinct claims and assess the reasonableness of the charges. Hensley, 461 U.S. at 433, 437. Where billing entries are too vague to allow the Court to do so, they must be excluded. In re Donovan, 877 F.2d 982, 994 (D.C. Cir. 1989) (excluding hours claimed for "legal issues," "conference re all aspects," "call re status," and teleconferences with persons referenced only as "Geiser" and "Wells" where it is not documented who these individuals are or the nature of their relationship to the case). As the D.C. Circuit emphasizes, "[t]his requirement is particularly apt when the fee requirements will be satisfied from the United States Treasury." Id.

EPIC's billing records contain "excessive, redundant or otherwise unnecessary" time. Duplicative and improperly billed items must be excluded from the fee. For example, on September 17, 2012, five people attended a conference that lasted only one hour. Not only has EPIC failed to provide a justification for the conference, but also it charged the government one hour for each attendee totaling five hours. EPIC also charged for time spent in their internal scheduling discussions based on its attorney's hospitalization. It further charged 8.5 hours for a 9-page boilerplate complaint and 7.9 hours for simply reviewing 617 pages of documents. Hensley requires the district court to exclude from the calculation, and a prevailing party to exclude from its fee request, hours that are "excessive, redundant or otherwise unnecessary." 461 U.S. at 434; accord Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (courts must disallow "excessive, redundant, or otherwise unnecessary" hours).

For all these reasons, our offer of $8,000 in attorney fees is more than reasonable. We look forward to resolving this issue without further litigation. We reiterate our request that you reconsider your decision not to seek a 30-day extension of time within which to reach an agreement on this issue.

- 3 -

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Jean-Michel Voltaire
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel.: 202-616-8211
Fax: 202-616-8460

**From:** Ginger McCall <mccall@epic.org>
**Subject:** EPIC v. DHS, 11-02261
**Date:** April 9, 2013 4:44:41 PM EDT
**To:** "Jean Michel (CIV) Voltaire" <jean.michel.voltaire@usdoj.gov>
**Cc:** Marc Rotenberg <rotenberg@epic.org>

Jean Michel,

Regarding EPIC v, DHS, 11-02261, EPIC is prepared to settle for $25,000.

We are now preparing the fee motion for the court which is due tomorrow. If we have a reasonable counteroffer from you by 1 pm tomorrow, we would be willing to agree to an extension. If not, we are comfortable putting this matter before the court.

We are entitled to fees on fees. So the numbers on our time sheets and billing request to the court will continue to increase.

Thank you.
Ginger McCall
Director, Open Government Project
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202)-483-1140 x 102
mccall@epic.org
@gingermccall

**From:** Ginger McCall <mccall@epic.org>
**Subject:** Re: EPIC v. DHS, 11-02261
**Date:** April 10, 2013 11:02:32 AM EDT
**To:** "Voltaire, Jean Michel (CIV)" <Jean.Michel.Voltaire@usdoj.gov>
**Cc:** Marc Rotenberg <rotenberg@epic.org>

Dear Jean-Michel,

Thank you for your further communication. We have discussed you proposal. We are prepared to settle at 23,000.

Please let us know by 1 pm if that is agreeable. At the time, I will need to turn to filing of the fees motion.

Thank you.

Ginger McCall
Director, Open Government Project
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202)-483-1140 x 102
mccall@epic.org
@gingermccall

On Apr 10, 2013, at 10:23 AM, Voltaire, Jean Michel (CIV) wrote:

> Dear Ginger,
>
> After discussing your counter-proposal with my client, DHS is prepared to offer $10,000 to settle the attorney fees issue. Again, this offer is subject to final approval by the agency and Department of Justice. We also reiterate our request that EPIC seeks a 30-day extension of time, until May 10, 2013, to allow the parties to complete negotiations, reach an agreement on this issue, and have it approved. As we previously stated, this short extension is warranted as the parties are actively engaging in settlement negotiations and are doing so in good faith, and neither party will suffer any prejudice as a result. Therefore, we request that EPIC reconsiders its decision not to seek the extension.
>
> Thank you.
>
> Jean-Michel Voltaire
> Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, NW

Washington, DC 20530
Tel.: 202-616-8211
Fax: 202-616-8460

**From:** Ginger McCall [mailto:mccall@epic.org]
**Sent:** Tuesday, April 09, 2013 4:45 PM
**To:** Voltaire, Jean Michel (CIV)
**Cc:** Marc Rotenberg
**Subject:** EPIC v. DHS, 11-02261

Jean Michel,

Regarding EPIC v, DHS, 11-02261, EPIC is prepared to settle for $25,000.

We are now preparing the fee motion for the court which is due tomorrow. If we have a reasonable counteroffer from you by 1 pm tomorrow, we would be willing to agree to an extension. If not, we are comfortable putting this matter before the court.

We are entitled to fees on fees. So the numbers on our time sheets and billing request to the court will continue to increase.

Thank you.
Ginger McCall
Director, Open Government Project
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202)-483-1140 x 102
mccall@epic.org
@gingermccall