**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:11-CV-02261(JDB) |
| v. | ) ) | DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY | ) ) | TO STRIKE |
| Defendant. | ) ) ) | |

Defendant United States Department of Homeland Security (DHS), through its undersigned counsel, moves to strike portions of Plaintiff Electronic Privacy Information Center's (EPIC) Reply brief in support of its Motion for Attorneys' Fees for improperly disclosing to the Court confidential settlement information in direct violation of Federal Rule of Evidence 408. This attempt to influence the Court's consideration of the validity and amount of Plaintiff's attorneys' fees petition is impermissible, and the offending paragraphs on pages 18 and 19 of EPIC's Reply brief and exhibit #2 should be stricken from the docket.

**Background**

On March 4, 2013, the Court ruled that DHS's Motion for Summary Judgment and EPIC's Cross-Motion for Summary Judgment were granted in part and denied in part. See Dkt No. 23. The Court in its order directed the parties to confer and attempt to come to an agreement on the issue of attorneys' fees if possible. Id. The Court then extended the time for EPIC to file a fee motion to April 10, 2013. See Court Order of 3/4/13, Dkt No.24. The parties thereafter began settlement negotiations, which proceeded under the protection of Federal Rule of Evidence 408.

The parties failed to reach a settlement by April 10, 2013. Despite Defendant's repeated requests that EPIC seek a 30-day extension of time to allow the parties additional opportunity to reach a negotiated agreement, if possible, EPIC refused and instead chose to file its fee motion on April 10, 2013. See Dkt No. 25. Defendant filed its opposition on April 29, 2013, in which it argued that EPIC is entitled only to very limited fees in proportion to its minimal success in this case. See Dkt No.26. In response to Defendant's arguments, Plaintiff chose to reveal to the Court that Defendant had previously offered to settle Plaintiffs' fee demands for an amount greater than the sum to which Defendant now argues Plaintiff is entitled. Plaintiff revealed this information with the clear intent of influencing this Court's decision regarding both the validity and amount of Plaintiff's fee petition in blatant violation of Rule 408.

In accordance with Local Rule 7(m), the undersigned counsel informed counsel for Plaintiff of this infraction on May 8, 2013, thereby allowing Plaintiff the opportunity to correct its error by retracting its reply brief in support of its fee petition in order to remove the offending settlement information. Counsel on behalf of Plaintiff declined to take this action.

**Argument**

**I.      EPIC Improperly Disclosed Confidential Settlement Information.**

Plaintiff's disclosure of confidential settlement offers was clearly improper, because those negotiations were predicated under the protection afforded by Federal Rule of Evidence 408, which provides in relevant part that:

> Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim[:] . . . conduct or a statement made during compromise negotiations about the claim[.]

Fed. R. Evid. 408(a). In short, this Rule "excludes from evidence all statements made in the course of settlement negotiations." Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652, 654 (4th Cir. 1988); see also Elliott v. Great Point Partners, LLC, 2011 WL 63660 at *7 (E.D. Va. Jan. 5,

2011) ("Federal Rule of Evidence 408 excludes from evidence all statements made in the course of settlement negotiations when offered to prove liability for a disputed claim.").

"An unaccepted offer of settlement ordinarily is not admissible evidence to show either the existence or amount of liability." Cheyenne River Sioux Tribe v. U.S., 806 F.2d 1046, 1050 (Fed. Cir.1986); Medtronic, Inc. v. Intermedics, Inc., 799 F.2d 734, 741 (Fed. Cir. 1986). Any "consideration of the settlement offers as reflecting an admission of liability in the amount of the offer would seriously discourage parties from discussing settlement or making settlement offers. The law, however, favors settlement of litigation which reduces the burden on courts and counsel and mitigates the antagonism and hostility that protracted litigation leading to judgment may cause." Cheyenne River Sioux Tribe., 806 F.2d at 1050; see also Bergh v. DOT, 794 F.2d 1575, 1577 (Fed. Cir. 1986). The purpose of Rule 408 is "to encourage full and frank disclosure between parties in order to promote settlements, rather than protracted litigation." See Olin Corp. v. Ins. Co. of N. Am., 603 F.Supp. 445, 449 (S.D.N.Y. 1985)); Bradbury v. Phillips Petroleum Co., 815 F.2d 1356, 1364 (10th Cir. 1987) ("[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers.").

EPIC violated Rule 408 and the basic principle of fairness by disclosing the amounts of the settlement offers, as well as emails between counsel regarding settlement and Defendant's settlement letter. Clearly, the disclosure of this settlement information is an attempt by Plaintiff to influence the Court's resolution of its fee petition in its favor. In its opposition, Defendant argued that EPIC is entitled to no more than $1,992.50. In violation of Rule 408, EPIC revealed to the Court that Defendant had offered greater amounts in settlement in an obvious effort to substantiate the validity and the amount of its fee petition. See Fed.R.Evid. 408(a) (prohibiting the use of settlement information "to prove liability for, . . . or amount of a claim that was disputed as to validity or amount." This improper disclosure of the government's candor in

settlement discussions highlights the very necessity of Rule 408.  See Fiberglass Insulators, 856 F.2d at 654 ("The public policy of favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions.").

II.     **The Court Should Strike the Offending Paragraphs in EPIC's Reply Brief and its Exhibit 2, and Ensure that No Further Disclosures Occur.**

In order to remove any potential prejudice to the Defendant resulting from EPIC's improper disclosure, the Court should strike the offending paragraphs on pages 18 and 19 of EPIC's Reply brief and its exhibit 2.  The Court should also order EPIC to limit its reply to the issues addressed in the United States' opposition, without discussing any confidential information provided by or to the Defendant during the parties' confidential settlement negotiations.

Trial courts have the inherent power to control their dockets, including the power to strike motions from their docket.  See Kitson v. Bank of Edwardsville, 240 F.R.D. 610, 611 (S.D. Ill. 2006) (collecting cases); see also Kelly v. FedEx Ground Package System, Inc., 2011 WL 1584764 at *3 (S.D.W. Va. April 26, 2011).  Courts have used this inherent power to strike filings that improperly disclose confidential information, including information that violates Rule 408.  See Blodgett v. Allstate Ins. Co., 2012 WL 2377031 at *6 (E.D. Cal. June 22, 2012) (holding that a disclosure violated Rule 408 and "[t]herefore, under its inherent power, this Court strikes the challenged language, as it discloses confidential settlement negotiations raised during an arbitration hearing"); Jones v. Metropolitan Life Ins. Co., 2010 WL 4055928 at *14 (N.D. Cal. Oct. 15, 2010) ("[U]nder its inherent powers this Court may strike a paragraph from a case management document that discloses confidential settlement negotiations[.]"); see also Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402 (9th Cir. 2010) (holding that a district court has the inherent power to strike a confidential settlement agreement from its docket).

Here, the Court should exercise its inherent power to strike the offending paragraphs on pages 18 and 19 of EPIC's Reply brief, as well as its Exhibit 2 (settlement emails and letter). Only by striking this material and eliminating it from the record can the Defendant be assured that no potential prejudice will flow from EPIC's improper disclosure.

Moreover, the Court should ensure that no future disclosures occur in this proceeding. To that end, the Court should order EPIC to limit its reply to the issues addressed in the United States' opposition brief, without discussing any information provided by or to the Defendant during the parties' confidential settlement negotiations.

## Conclusion

The Court should grant the Defendant's motion to strike, and enter the proposed order submitted herewith.

Dated: May 9, 2013                    Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director
Federal Programs Branch

/s/ Jean-Michel Voltaire
JEAN-MICHEL VOLTAIRE (NY Bar)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel.: 202-616-8211
 Fax: 202-616-8460